## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| ROSE O. GALLUCCI,<br>        Plaintiff,<br><br>        v.<br><br>PAMELA BONDI, in her official<br>capacity as Attorney General, et al.<br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

C.A. No. 24-cv-433-MRD-PAS

### MEMORANDUM AND ORDER

Melissa R. DuBose, United States District Judge.

   In September of 1999, Rose Gallucci, an employee of the Veteran's Administration (VA), suffered an on-the-job injury due to a malfunctioning elevator. ECF No. 9 at 1.  Later that year, Gallucci successfully sought workers compensation and benefits from the Office of Workers Compensation Programs (OWCP) under the Federal Employees' Compensation Act (FECA).  ECF No. 8 at 13.  Gallucci returned to work at the VA the next year.  *Id.*  In 2010, Gallucci began her 15-year odyssey of unsuccessful employment discrimination claims against the VA.  *See generally id.* Gallucci has filed suit in this Court against the VA, for a third time, alleging a variety of employment discrimination grievances.  Before this Court is the Defendants' Motion to Dismiss Gallucci's claims pursuant to Fed. R. Civ. P. 12(b)(1) and (6).  ECF No. 8.  For the reasons explained below, the Defendants' Motion is GRANTED.

## I.    BACKGROUND

As noted earlier, Gallucci is no stranger to disability-related proceedings before administrative agencies and tribunals.   She has repeatedly and unsuccessfully petitioned the OWCP for reinstatement of her total disability, once in 2010 and again in 2013.   ECF No. 8 at 13.   She also filed disability-related complaints before the United States Equal Employment Opportunity Commission (EEOC) in the early 2010s, alleging that the VA failed to provide reasonable accommodations and did not hire her for jobs to which she had applied.   *Id.* at 14.   The EEOC denied these claims in 2015.   *Id.*   In 2021, Gallucci initiated an Office of Special Counsel (OSC) investigation into alleged employment discrimination by the VA.   *Id.*   The OSC declined to seek corrective action against the VA based on Gallucci's allegations.   *Id.* In 2022, Gallucci appealed this decision to the United States Merit Systems Protection Board (MSPB).   *Id.*   The MSPB denied Gallucci's appeal.   *Id.* at 15.   This denial became final in August 2024.   *Id.*   In March of 2023, Gallucci initiated an internal EEOC proceeding, which the VA denied on the grounds that Gallucci was seeking to raise previously adjudicated claims and did not meet the standard for a hostile work environment claim.   *Id.*   Gallucci then appealed to the EEOC which affirmed the denial in January of 2024.   *Id.* at 16.   Gallucci filed her first amended complaint (the "Complaint") before this Court in February of 2025.   *See* ECF No. 6. She is seeking "[d]eclaratory [j]udgment, [s]ummary [j]udgment, reasonable accommodation, employment, and restitution of back wages and benefits deprived by the VA and OWCP without due process of law."   ECF No. 6 at 4.   In March of this

year the Defendants filed a motion to dismiss, arguing that this Court does not possess subject matter jurisdiction over Gallucci's claims because they are time-barred or precluded by statute. *See generally*, ECF No. 8. The Defendants also argue that Gallucci has failed to allege sufficient facts in support of her claims. *Id*.

## II.    LEGAL STANDARD

"When a court is confronted with motions to dismiss under both Rules 12(b)(1) and 12(b)(6), it ordinarily ought to decide the former before broaching the latter." (citations omitted). *Deniz v. Mun. of Guaynabo*, 285 F.3d 142, 149 (1st Cir. 2002). Rule 12(b)(1) enables the dismissal of a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The Court "must construe the complaint liberally, treating all well-pleaded facts as true and drawing all reasonable inferences in favor of the plaintiffs." *Viqueira v. First Bank*, 140 F.3d 12, 16 (1st Cir. 1998). The "court may also review the evidence on record, including affidavits and depositions, as opposed to a dismissal request under any other subsection of Rule 12(b)." *Lozada v. DeJoy*, Civil No. 20-1674 (DRD) 2023 WL 2433860, at *5 (D.P.R. Mar. 9, 2023). Once a defendant challenges jurisdiction, the party asserting it bears the burden of establishing federal subject matter jurisdiction. *See Skwira v. United States*, 344 F.3d 64, 71 (1st Cir. 2003).

Rule 12(b)(6), on the other hand, is used to dismiss a plaintiff's complaint for deficiency. Fed. R. Civ. P. 12(b)(6). At baseline, a plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "The make-or-break standard … is that the combined allegations,

taken as true, must state a plausible, [but] not a merely conceivable, case for relief."
*Sepúlveda-Villarini v. Dep't of Educ. of P.R.*, 628 F.3d 25, 29 (1st Cir. 2010); *see also Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) ("in order to 'show' an entitlement to relief a complaint must contain enough factual material 'to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))). The federal pleading standard thus "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Accordingly, the Court "will not accept a complainant's unsupported conclusions or interpretations of law." *Wash. Legal Found. v. Mass. Bar. Found.*, 993 F.2d 962, 971 (1st Cir. 1993).

## III.    DISCUSSION

### *Jurisdictional Arguments*

With the above guidelines in place, the Court will first address Defendants' jurisdictional arguments that this court lacks subject matter jurisdiction because: (1) Gallucci's claims for "conduct pre-dating 2015 are untimely in any court;" (2) Gallucci's claims for conduct from 2015 and onwards can only be brought before the U.S. Court of Appeals for the Federal Circuit, not this Court; and (3) that "[Gallucci's] claims for lost compensation and benefits arising from on-the-job injuries are not reviewable by any court." ECF No. 8 at 8.

Gallucci's disability claims arise under the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq. The Rehabilitation Act prohibits discrimination against qualified individuals with disabilities by federal agencies or the USPS. 29 U.S.C. § 794(a).

Claims under the Rehabilitation Act are enforceable in the manner provided by Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e et seq.; 29 U.S.C. § 794a. Title VII authorizes an aggrieved party to file a lawsuit in federal court following final action by an agency or the EEOC. 42 U.S.C. § 2000e-16(c); *see also* 29 C.F.R. § 1614.407. Civil actions under § 2000e-16(c) are governed by the provisions of 42 U.S.C. §§ 2000e-5(f)-(k). 42 U.S.C. § 2000e-16(d). Pursuant to that statute, an aggrieved person seeking judicial review of an administrative agency's final decision must file her pleading in the appropriate court within ninety days after the issuance of a right-to-sue letter. *See* 29 U.S.C. 749a(a)(1) (incorporating 42 U.S.C. § 2000e-5(f) into the Rehabilitation Act); *see also* 42 U.S.C. § 2000e-5(f)(1) (stating that within 90 days after the issuance of a right to sue letter "a civil action may be brought against the respondent named in the charge"). A claimant's failure to file suit within the ninety-day period following notice from the EEOC renders the complaint time-barred. *Loubriel v. Fondo del Seguro del Estado*, 694 F.3d 139, 142 (1st Cir. 2012). The filing period is considered "a requirement subject to waiver, estoppel, and equitable tolling 'when equity so requires.'" *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 121 (2002) (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398 (1982)). However, "[o]ne who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." *Baldwin Cnty Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984).

Gallucci invokes *Morgan* to urge the Court to "apply an equitable doctrine to toll the time for all claims" because her claims "are all part of the same unlawful

practice." ECF No. 9 at 5; 536 U.S. at 122.  But this argument for circumventing the statutory time bar is unavailing.  *Morgan* only permits equitable tolling in cases of hostile work environments, 536 U.S. at 115, and Gallucci's Complaint does not assert a hostile work environment claim, although she does request leave to amend her Complaint to add this claim in her response to this motion.  ECF No. 9 at 7.  This Court declines Gallucci's invitation to entertain a second amended complaint without a motion to amend, which, based on her first, would likely be futile.  *See Fire and Police Pension Ass'n of Colo. v. Abiomed, Inc.*, 778 F.3d 228, 247 (1st Cir. 2015) (declining to allow plaintiffs the chance to amend because "plaintiffs were put on notice of the deficiencies in the complaint by the motion to dismiss.  If they had something relevant to add, they should have moved to add it then.") (citing *ACA Fin. Guar. Corp. v. Advest, Inc.*, 512 F.3d 46, 57 (1st Cir. 2008)) ("rejecting plaintiff's argument that the district court erred in denying them leave to amend because 'plaintiffs took no action to add new allegations in response to defendants' motion to dismiss 'even though they knew what they would add if they amended'")).

Accordingly, Gallucci's efforts to initiate judicial review of the 2015 EEOC decision based on conduct prior to that year is untimely, as the EEOC decision and right to sue letter was issued in July of 2015, a decade ago.  The Court is not compelled by Gallucci's Complaint to apply the doctrine of equitable tolling as "the [first amended complaint] is reduced to a few conclusory statements." *Baldwin Cnty. Welcome Ctr.*, 466 U.S. at 168 (J. Stevens dissenting).  And "[i]n the long run, experience teaches that strict adherence to the procedural requirements specified by

6

the legislature is the best guarantee of evenhanded administration of the law." *Mohasco Corp.* v. *Silver*, 447 U.S. 807, 826 (1980).

Next, this Court agrees with the Defendants that it does not possess jurisdiction for judicial review of the claims Gallucci raised before the MSPB because "the [Civil Service Reform Act of 1978,] CSRA[,] precludes district court jurisdiction over petitioners' claims even [when] they are constitutional claims for equitable relief." *Elgin v. Dep't of Treasury*, 567 U.S. 1, 8 (2012). "A[] [federal] employee who is dissatisfied with the MSPB's decision is entitled to judicial review in the United States Court of Appeals for the Federal Circuit… The Federal circuit has 'exclusive jurisdiction' over appeals from a final decision of the MSPB." *Id.* at 6 (citing 28 U.S.C. § 12959(a)(9)). Therefore, Gallucci is seeking judicial review of MSPB claims in the incorrect forum. *See* 5 U.S.C. § 7703(b)(1)(A).

Lastly, the Defendants argue that FECA, 5 U.S.C. § 8102, prohibits this Court from exercising subject matter jurisdiction. ECF No. 8 at 12. This Court agrees. "FECA is a federal workers' compensation scheme designed to provide redress for work-related injuries." *Gill v. United States*, 471 F.3d 204, 205 (1st Cir. 2006). A federal employee seeking coverage under FECA must file a claim for compensation with the OWCP, which administers FECA. *See* 20 C.F.R. 10.100. "The OWCP then 'decides all questions arising under the FECA.' A determination by the OWCP is 'final and conclusive and may not be reviewed by a court of law.'" *Sweeney v. United States*, C.A. No. 05-80T, 2006 WL 8456721, at *6 (D.R I. June 30, 2006) (quoting *Bruni v. United States*, 964 F.2d 76, 79 (1st Cir. 1992)); *see also* 5 U.S.C. § 8128(b).

The First Circuit has carved an exception for judicial review "where the plaintiff makes a specific and substantive claim of the deprivation of his constitutional rights." *Cooper v. Chao*, 71 Fed. Appx. 76, 77–78 (1st Cir. 2003) (citing *Paluca v. Sec'y of Labor*, 813 F.2d 524, 526 (1987) ("holding that district courts have jurisdiction to review [the] Secretary[] [of Labor's] compliance with the Constitution in its administration of FECA)). However, such an exception does not apply here because Gallucci does not allege that the Secretary violated the Constitution in the process of administering FECA. As a result, this Court may not review Gallucci's claims which are related to matters already considered in prior OWCP decisions. *See* 5 U.S.C. § 8128(b).

### *Review of EEOC Denial of Motion to Reconsider*

After dismissing some of Gallucci's claims due to the above-described jurisdictional bars, this Court is left with a review of the 2024 EEOC denial of Gallucci's motion to reconsider her claims against the VA regarding a hostile work environment. As previewed above, however, Gallucci's Complaint does not include a claim of a hostile work environment. She only raises the argument in her opposition to the Motion to Dismiss, ECF No. 9 at 7, which the Court has already declined to consider as an amendment to her Complaint. Therefore, the Court has no basis to consider her claim of a hostile work environment.

### *Failure to Reasonably Accommodate*

The Court now assesses Gallucci's claim regarding the VA's failure to provide a reasonable accommodation. ECF No. 6 at ¶ 27. Based on the remaining assertions

in the Complaint, the Court must determine whether it "states a plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A Plaintiff asserting a failure to accommodate claim under the Rehabilitation Act must establish: "(1) that she suffered from a 'disability' within the meaning of the statute; (2) that she was a qualified individual in that she was able to perform the essential functions of her job, either with or without a reasonable accommodation; and (3) that, despite her employer's knowledge of her disability, the employer did not offer a reasonable accommodation for the disability." *Calero-Cezero v. U.S. Dep't of Just.*, 355 F.3d 6, 20 (1st Cir. 2004). Plaintiff must also show that "(1) the proposed accommodation would enable her to perform the essential functions of her job, [and] (2) at least on the face of things, it is feasible for the employer under the circumstances." *Echevarría v. AstraZeneca Pharm. LP*, 856 F.3d 119, 127 (1st Cir. 2017) (citing *Reed v. LePage-Bakeries, Inc.*, 244 F.3d 254, 259 (1st Cir. 2001)). Gallucci's accommodation request "must [have been] sufficiently direct and specific, and it must explain how the accommodation is linked to [her] disability." *Jones v. Nationwide Life Ins. Co.*, 696 F.3d 78, 89 (1st Cir. 2012). "The reasonableness of any proposed accommodation, including its feasibility, [is] assessed on a case-by-case basis." *Trahan v. Wayfair Me., LLC*, 957 F.3d 54, 65 (1st Cir. 2020).

As previewed above, Gallucci has not provided any factual allegations asserting that she is disabled and was qualified to perform the essential functions of her position. Nothing in her Complaint demonstrates that she suffers from "a physical or mental impairment which substantially limits one or more of [her] major

life activities." 42 U.S.C. § 12102(2); *see also* 29 C.F.R. § 1630.2(g). Gallucci's Complaint also fails to show "that she possesses the requisite skill, experience, education and other job-related requirements for the position and, second, that she is able to perform the essential functions of the position with or without a reasonable accommodation." *Calero-Cezero*, 355 F.3d at 22 (citing *García-Ayala v. Lederle Parenterals, Inc.*, 212 F.3d 638, 646 (1st Cir. 2000)). Gallucci does not even articulate in the Complaint what she requested as an accommodation. At minimum, her Complaint needed to "offer[] proof that a sufficiently specific request was made." *Calero-Cezero*, 355 F.3d at 23. Considering the four corners of the Complaint, the Court must conclude that the utter lack of allegations regarding reasonable accommodation means Gallucci has failed to plausibly plead this claim.

*Retaliation Claim*

The Court now progresses to Gallucci's final[1] claim, retaliation based on her disability. ECF No. 6 at ¶¶ 229–31.

The Rehabilitation Act makes it "unlawful for employers to retaliate against persons who complain about unlawfully discriminatory employment practices." *Noviello v. City of Bos.*, 398 F.3d 76, 88 (1st Cir. 2005). "To make out a prima facie case of retaliation 'a plaintiff must show that (1) he or she engaged in protected conduct, (2) he or she was subjected to an adverse action by the defendant, and (3) there was a causal connection between the protected conduct and the adverse action.'"

---

[1] Gallucci also filed a Fifth Amendment claim in her Complaint, ECF No. 6, but withdrew it in her opposition to the pending Motion to Dismiss, ECF No. 9 at 7.

*Lozada*, 2023 WL 2433860, at *9, (quoting *D.B. ex rel. Elizabeth B. v. Esposito*, 675 F.3d 26, 41 (1st Cir. 2012)); *see also Calero-Cezero*, 355 F.3d at 25.

Here, Gallucci's Complaint does not identify a protected activity that she engaged in for purposes of her retaliation claim. The Complaint merely states that "the VA knows that the Plaintiff is disabled and refuses to accommodate her or even her employment because of her disability. The Plaintiff is in her present circumstance due to the animus of the VA regarding her disability status." ECF No. 6 at ¶¶ 30–31. Gallucci also does not identify a specific adverse action for the Court to evaluate in a retaliation context. She does mention in her opposition to the motion that "the VA sent a second letter within two months requesting the plaintiff report for work after she had returned and found no job available," ECF No. 9 at 4–5, but even that falls short of the standard. *See Morales-Vallellanes v. Potter*, 605 F.3d 27, 35 (1st Cir. 2010) (defining an "'adverse employment action' [as] one that 'affects the employment or alters the conditions of the workplace'"). The First Circuit has found an adverse employment action to exist in cases involving "hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742, 761 (1998). Accordingly, by failing to include sufficient facts for the first two prongs of a retaliation claim, Gallucci consequently does not allege facts regarding incidents that occurred within the statutory time period that would suggest a causal connection between the protected conduct and the adverse action. Therefore, her claim for retaliation cannot withstand a Rule 12(b)(6) challenge. Simply put, Gallucci

has failed to "set forth facts sufficient to state a legal claim on which relief could be granted." *Giragosian v. Bettencourt*, 614 F.3d 25, 29 (1st Cir. 2010).

## IV. CONCLUSION

The Defendants have challenged Gallucci's Complaint on two grounds, Rule 12(b)(1), lack of subject matter jurisdiction, and Rule 12(b)(6), failure to state a claim. ECF No. 8. This court agrees with the Defendants that the statutory scheme for federal employees challenging employment decisions and alleging discrimination prohibit this court from exercising jurisdiction over Gallucci's claims. The disability-discrimination claims alleged by Gallucci pursuant to the Rehabilitation Act, with the exception of judicial review of the 2024 EEOC ruling, are time-barred because they were the subject of EEOC proceedings and Gallucci did not file suit for judicial review within ninety days of the EEOC's final decision regarding those matters. *See* 29 U.S.C. § 794(a); *see also*, *Loubriel*, 694 F.3d at 142 (stating that a claimant's failure to file suit within the ninety-day period following notice from the EEOC renders the complaint time-barred). Further, this Court lacks jurisdiction to review any of Gallucci's remaining claims which were adjudicated by the MSPB because review of such claims is limited to the United States Court of Appeals. *See* 5 U.S.C. § 7703(b)(1)(A). Moreover, FECA prevents this Court from reviewing OWCP decisions, so this Court cannot review Gallucci's claims as they relate to matters already considered in prior OWCP decisions. *See* 5 U.S.C. § 8128(b).

As to the other claims in the Complaint, which are challenged by the Defendants for failing to state a claim, this Court agrees that Gallucci has not

provided the Court with sufficient facts to plausibly plead the hostile work environment, retaliation, or a failure to accommodate claims. For the reasons stated, the Defendants' Motion to Dismiss, ECF No. 8, is GRANTED.


IT IS SO ORDERED.


Melissa R. DuBose
United States District Judge


November 20, 2025